HEATON, District Judge,
concurring in the result.
‘ I fully concur with the majority’s conclusion that we do not have jurisdiction to hear this appeal and that it must be dismissed. However, I believe that result is compelled by the plain language of 8 U.S.C. § 1158(a)(3), making it unnecessary to consider the impact of the agency discretion exception in the Administrative Procedures Act.
The issue in this case arises in a very narrow factual and procedural context. Unlike many of the cases addressing the “streamlining”' procedure, this . case does not involve a denied request for withholding of removal or a denied request for ■relief under the Convention Against Torture — requests where judicial review is generally available.[1] This case involves only a denied request for asylum. Further, this case involves an untimely request for asylum, outside the one year time limit applicable to such requests. 8 U.S.C. § 1158(a)(2)(B).
While asylum determinations are generally subject to judicial review, the rule is different in the case of untimely requests. Section 1158(a)(3) states: “No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2).” Paragraph 2 of § 1158(a) includes both the one-year time limit and the exception — changed circumstances — upon which petitioner relies here. Further, the limitation on judicial review included in § 1158(a)(3) extends not only to substantive decisions or judgments but to “any determination” by the Attorney General under paragraph 2. As I can discern no reason why “any determination” does 'not also include the Attorney General’s deci *1359 sion to streamline a case within the scope of that subsection, I conclude the statute precludes judicial review of the streamlining decision at issue in this case.

. See Ngure v. Ashcroft, 367 F.3d 975 (8th Cir.2004); Sviridov v. Ashcroft, 358 F.3d 722 (10th Cir.2004); Georgis v. Ashcroft, 328 F.3d 962 (7th Cir.2003).